UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE FOUNDATION FOR
GOVERNMENT
ACCOUNTABILITY,

    Plaintiff,

v.                                                              Case No.:  2:23-cv-207-JLB-KCD

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES,
XAVIER BECERRA, U.S.
DEPARTMENT OF LABOR,
JULIE A. SU, U.S. DEPARTMENT
OF THE TREASURY and JANET
YELLEN,

    Defendants.
_____/

## SCHEDULING ORDER

The parties have submitted a stipulation agreeing that this case presents an issue of law that should be resolved through summary judgment practice. Accordingly, the Court enters this scheduling order that controls the proceedings moving forward.

As an initial matter, the Court will suspend discovery and its related deadlines. As the parties persuasively explain, "this case can be resolved by motion" and "no discovery is likely to be necessary in this case." (Doc. 30 at 1,

3.) Thus, discovery will only be conducted with leave of court and at the conclusion of the Court's decision on summary judgment.

This matter will otherwise proceed according to the following schedule:

| Event | Deadline | Page Limit |
|---|---|---|
| Plaintiff's Motion for Summary Judgment | June 19, 2023 | 25 |
| Defendants' Combined (i) Motion to Dismiss (and, in the alternative, for summary judgment); and (ii) Opposition to Plaintiff's Motion for Summary Judgment | July 19, 2023 | 30 |
| Plaintiff's Combined (i) Opposition to Defendants' Motion to Dismiss (and, in the alternative, for summary judgment), and (ii) Reply in Support of Motion for Summary Judgment | August 18, 2023 | 30 |
| Defendants' Reply in Support of Motion to Dismiss (and, in the alternative, for summary judgment) | September 5, 2023 | 25 |

**A. Compliance**

Counsel and all parties (represented and pro se) must comply fully with this Order. Motions to extend the above deadlines are **disfavored**. Deadlines may be modified only for good cause and with the judge's consent. Also, filing a motion to extend a deadline does not toll the time to comply with other deadlines set by rule or court order.

All counsel and parties must comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, except as modified here, the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida, the United States District Court for the Middle District Florida's Administrative Procedures for Electronic Filing, the Florida Bar Professionalism Expectations, and the Florida Bar Trial Lawyers Section's Guidelines for Professional Conduct.

## B. Consent to Magistrate Judge

At any time during this case, the parties may consent to proceed before the assigned Magistrate Judge to conduct some or all proceedings (including specified motions and trial) and enter final judgment by filing the appropriate AO85 form. A party may withhold consent without adverse consequences.

## C. Motions

1. *Certification Under Local Rule 3.01(g)*: Before filing most motions, the movant must confer with the opposing party in a good faith effort to resolve issue(s).[1] Failure to comply with Local Rule 3.01(g) may cause the Court to deny or strike the motion.

   At the end of the motion and under the heading "Local Rule 3.01(g) Certification," the movant:

   (A) must certify that the movant has conferred with the opposing party,

   (B) must state whether the parties agree on the resolution of all or part of the motion, and

   (C) if the motion is opposed, must explain the means by which the conference occurred.

   For anything other than joint or unopposed motions, the term "confer" requires a substantive conversation in person, by telephone, or via videoconference. It does not envision an exchange of ultimatums by email or letter. Counsel who merely tries to confer has not "conferred."

   If the opposing party is unavailable before the motion's filing, the movant after filing must try diligently for **3 days** to contact the opposing party. Promptly after either contact or expiration of the 3

---

[1] A Local Rule 3.01(g) Certification is not required for a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class. It is required for all other motions, including Rule 12 motions to dismiss.

3

days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion. Failure to timely supplement can result in denial of the motion without prejudice. The purposeful evasion of a communication under this rule can result in sanction.

2. *Failure to Respond to Motions.* Under Local Rule 3.01(c), if a party fails to timely respond to a motion, the motion is subject to treatment as unopposed.

3. *Motions for Summary Judgment*

    a. <u>Number of Motions</u>: Only **one** motion for summary judgment may be filed by a party (or multiple parties represented by the same counsel) absent leave of Court.

    b. <u>Required Materials</u>: A motion for summary judgment must include a memorandum of law in support and a specifically captioned section titled, "Statement of Material Facts" in a single document not to exceed **the page limits above**. The statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs. Each fact must be supported by a **pinpoint** citation to the specific part of the record relied on to support that fact. **Failure to submit a statement of material facts constitutes grounds to deny the motion.**

    An opposition to a motion for summary judgment must include a memorandum of law and a specifically captioned section titled, "Response to Statement of Material Facts" in a single document not to exceed **the page limits above**. The opposing party's response to the statement of material facts must mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs. Each denial must set forth a **pinpoint** citation to the record where the fact is disputed. Although the opposing party's response must correspond with the paragraph scheme used in the statement of material facts, the response need not repeat the text of the moving party's paragraphs. In deciding a motion for summary judgment, **any fact that the opposing counsel or party does not specifically controvert and not otherwise**

> **included in the Response to Statement of Disputed Material Facts may also be deemed undisputed if supported by record evidence.**
>
> When citing to the record, the parties should first use any CM/ECF designated document number and page number throughout the briefs. Where no CM/ECF citation is available, a specific format like "Ex. 1., p.2" should be used throughout the brief. Further, a general reference to a deposition is inadequate—the page and line number of the deposition transcript must be included. For example, a general reference to "Deposition of Jones" is insufficient.
>
> c. <u>Deposition Transcripts as Exhibits</u>: If depositions are filed to support a motion for summary judgment, the Court prefers the deposition be filed in its entirety (a condensed version is acceptable) with exhibits.
>
> d. <u>Exhibit Index</u>: A motion for summary judgment or a response with exhibits totaling over 10 pages must include an index to the exhibits that lists the exhibit number and title of the exhibit. Counsel must file the index as the **last** attachment to the parent document. *See* "Exhibit Index" below for a sample exhibit index.
>
> e. <u>Oral Argument</u>: Unless specifically ordered, the Court will not hold oral argument on a summary judgment motion. If a party requests oral argument, it must do so in a separate document accompanying the party's motion or response and stating the time necessary.

**D. Sanctions**

A party who does not comply with this Order may be subject to sanctions including reasonable attorneys' fees and costs, striking of pleadings, entry of default, dismissal, and a finding of contempt of court. *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 16(f), 37; M.D. Fla. R. 3.01(g)(3), 3.10, 4.03(e).

**ENTERED** in Fort Myers, Florida on May 25, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record